UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO:_____

PRESENETTE PETIGNY, Individually, as
Surviving Spouse and Personal Representative
of the Estate of JAMES RAYNALD
PETIGNY, Deceased,

                Plaintiff,

vs.

JONATHAN TOLEDO, REHRIG PACIFIC
COMPANY, a Foreign Corporation, XTRA
LEASE, LLC, a Foreign Corporation,

                Defendants.

_____/

## NOTICE OF REMOVAL

*COMES NOW*, the Defendant, REHRIG PACIFIC COMPANY (hereafter "the Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and hereby files this Notice of Removal of the above-captioned matter from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. As grounds therefore, the Defendant shows the Court as follows:

**1 . State Court Action**

Plaintiff initiated an action that is still pending in the Circuit Court of the Ninth Judicial Circuit for Orange County, Florida, styled *PRESENETTE PETIGNY, Individually, as Surviving Spouse and Personal Representative of the Estate of JAMES RAYNALD PETIGNY, Deceased, Plaintiff, vs. JONATHAN TOLEDO, REHRIG PACIFIC COMPANY, a Foreign Corporation, XTRA LEASE, LLC, a Foreign Corporation, Defendants*, and designated as Case No. 2012 CA 1643 O. The date the Plaintiff filed the Complaint is unknown. *See* Complaint, attached as **Exhibit "A."**

## 2. Defendant's Receipt of Complaint

A copy of the Plaintiff's Complaint in this action was received by Defendant REHRIG PACIFIC COMPANY, along with the summons, on March 1, 2012. *See* Summons, attached as **Exhibit "B."**

## 3. Nature of Action

Plaintiff's cause of action arises under the Florida common law cause of action for negligence due to a fatal accident that occurred on September 10, 2011. *See* Complaint, attached as **Exhibit "A."** However, more specifically, the Plaintiff claims that the Defendant is defined as a motor carrier pursuant to federal regulations and that "[a]s a motor carrier, operating under a license or franchise granted by the United States Department of Transportation (USDOT), REHRIG, as the licensee or franchisee, had a non-delegable duty to ensure that the transportation of goods in commercial transit were (sic) done so in a manner so as to not cause harm or injury to another person, the motoring public in general, and to the Decedent, Raynald James Petigny, specifically." Please see **Exhibit "A," ¶¶ 20 & 21.** Furthermore, Plaintiff alleges that the Defendant failed to comply with various federal motor carrier regulations. Please see **Exhibit "A," ¶¶ 22(d), 23(j), 23(l), & 24.**

## 4. Removal of State Court Action

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Specifically, this action is removable under 28 U.S.C. § 1441(a), because the district court would have original jurisdiction under 28 U.S.C. § 1331 (Federal Question Jurisdiction).

## 5. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant .

-2-

. . ." Furthermore, under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal courts have federal question jurisdiction over suits "in which a well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28 (1983); *see Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1308-09 (11th Cir. 2001). As the Supreme Court of the United States has articulated, permitting removal in such circumstances "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005); *see also Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) ("[I]f the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, federal question jurisdiction may nevertheless attach to the state-law claim.")

Here, while the Plaintiff's cause of action arises under Florida common law, the Plaintiff's cause of action clearly relies upon federal law and depends on the resolution of substantial questions of federal law. Specifically, the Plaintiff alleges that the Defendant "had a non-delegable duty to ensure that the transportation of goods in commercial transit were (sic) done so in a manner so as to not cause harm or injury to another person" pursuant to its status as a motor carrier "as defined by the United States Department of Transportation and Federal Motor Carrier Safety Administration . . . ." Please see **Exhibit "A," ¶¶ 20 & 21**.

As such, Plaintiff's cause of action against the Defendant is based on a substantial question of federal law in two respects. First, a substantial federal question arises when

- 3 -

determining whether the Defendant qualifies as a motor carrier pursuant to regulations promulgated by the United States Department of Transportation and Federal Motor Carrier Safety Administration. Second, if the Defendant qualifies as a motor carrier pursuant to federal regulations, another substantial federal question arises in determining whether the Defendant's status as a motor carrier would impose upon it "a non-delegable duty . . . to ensure that its goods were transported in a manner so as to not cause harm or injury to any other person, the motoring public in general, and to the Decedent, Raynald James Petigny, specifically." Please see **Exhibit "A," ¶ 21.** In this regard, Defendant contends that the determination of the extent and nature of the duties of a federal motor carrier transporting goods on the interstate highway system is a substantial question arising under federal law. It is apparent that the Plaintiff considers this determination to be a crucial and substantial issue because, in addition to the allegations in the Complaint, the Plaintiff has served the Defendant with a very detailed Request for Production in which she seeks discovery under 53 different sections of titles 48 and 49 of the Code of Federal Regulations and under 17 different sections of the Federal Motor Carrier Safety Regulations. Please see **Exhibit "C," ¶¶ 1(s), 1(t), 1(x), 1(y), 1(z), 1(aa), 1(bb), 1(dd), 1(ff), 1(gg), 6-17, 25-27, 29-30, 34-39, 46-57, 60-74, 76-78, 81-89, including subparts**. Therefore, the Plaintiff has clearly relied upon federal law in pleading her cause of action, thus permitting removal of this action to the United States District Court in and for the Middle District of Florida pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

**7. Venue**

The Orange County Division of the United States District Court for the Middle District of Florida is the judicial district embracing the place where the state court case was brought and is pending and is, thus, the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 89(c), 1441(a) & 1446(a). Moreover, the Orange County Division is the proper

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD · 2ND FLOOR · WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 · (561) 683-8977 FAX

division within the Middle District of Florida to which the case should be removed since the Defendant is engaged in continuous and systematic business in Orlando, Orange County, Florida. *See 28* U.S.C. §§ 1441(a), (e) & 1446(a); Complaint attached as **Exhibit "A."**

**8. Timeliness of Notice of Removal**

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because thirty (30) days have not elapsed since "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Specifically, the Summons and Complaint was served on Defendant's designated representative on March 1, 2012, less than thirty (30) days ago. *See* **Exhibit "B."** Thus, this removal is timely.

**9. State Court Pleadings**

Pursuant to 28 U.S.C. § 1446(a), with this notice the Defendant is simultaneously filing copies of all process, pleadings, and orders existing on file in the State court in this removed action, including the Complaint. *See* **Exhibits "A" & "B."**

**10. Notice to State Court and Plaintiff**

Simultaneously with filing this Notice of Removal, the Defendant shall give written notice to all adverse parties and shall file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Ninth Judicial Circuit for Orange County, Florida. *See* **Exhibit "D."**

**11. Consent of the Co-Defendants**

Defendant REHRIG PACIFIC COMPANY hereby certifies that the Co-Defendants in this matter, JONATHAN TOLEDO and XTRA LEASE, have given their consent to the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446.

<u>**CERTIFICATE OF SERVICE**</u>

*I HEREBY CERTIFY* that on this 30th day of March 2012, I electronically filed the foregoing *Notice of Removal* with the Clerk of Court using the CM/ECF. I also certify that the

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

foregoing document is being served this day on all counsel of record identified on the attached

Service List in the manner specified, either via transmission of Notices of Electronic Filing

generated by CM/ECF or in some other authorized manner for those counsel of parties who are

not authorized to receive electronically Notices of Electronic Filing.

BY: _____

BARRY A. POSTMAN
FBN: 991856
COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendants
REHRIG PACIFIC CO. and JONATHAN
TOLEDO
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, Florida 33401
Telephone: (561) 383-9200
Facsimile: (561) 683-8977
Email: Barry.Postman@csklegal.com

### SERVICE LIST

**Johnny A. Pineyro, Esq.**
jpineyro@pineyrolaw.com
**Mark P. Cressman, Esq.**
mcressman@pineyrolaw.com
Pineyro & Cressman Law Firm
Counsel for Plaintiff
1420 Celebration Blvd., Ste. 102
Celebration, FL  34747
*(via U.S. Mail)*

**Marilyn Beccue**
mbeccue@wickersmith.com
Wicker, Smith, O'Hara, McCoy & Ford, P.A.
Counsel for Co-Defendant XTRA Lease
100 North Tampa St., Ste. 1800
Tampa, FL 33602
*(via U.S. Mail)*

L:\0224-0178-00\P\Removal\Notice of Removal.doc