IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA

PRESENETTE PETIGNY, Individually,
as Surviving Spouse and Personal Representative
of the Estate of JAMES RAYNALD PETIGNY,
Deceased,

    Plaintiff,

vs.

CASE NO.:

6:12CV497-ORL-22KRS

JONATHAN TOLEDO, REHRIG PACIFIC
COMPANY, a Foreign Corporation, XTRA
LEASE, LLC, a Foreign Corporation,

    Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, PRESENETTE PETIGNY, Individually, as Surviving Spouse and Personal Representative of the Estate of JAMES RAYNALD PETIGNY, Deceased and sues the Defendants, JONATHAN TOLEDO (hereinafter referred to as "TOLEDO"), REHRIG PACIFIC COMPANY (hereinafter referred to as "REHRIG"), and XTRA LEASE, LLC (hereinafter referred to as "XTRA"), based on the following allegations:

### ALLEGATIONS COMMON TO ALL COUNTS

1. This is an action under the Florida Wrongful Death Statute for damages and an action for personal injuries against the named Defendants, in excess of Fifteen Thousand ($15,000.00) Dollars.

2. PRESENETTE PETIGNY is the Personal Representative of the Estate of JAMES RAYNALD PETIGNY, deceased husband, and at all times and material hereto, was a resident of Palm Beach County, Florida, and the surviving spouse of JAMES RAYNALD PETIGNY.



3. SARADJEAN PETIGNY, age 17, is the surviving minor child of the deceased, JAMES RAYNALD PETIGNY.

4. DAPHNAIKA PETIGNY, age 12, is the surviving child of the deceased, JAMES RAYNALD PETIGNY.

5. JENIYAH PETIGNY, age 2, is the surviving child of the deceased, JAMES RAYNALD PETIGNY.

6. At all times material hereto, the Defendant, TOLEDO, was and is a resident of Orlando, Orange County, Florida, and at the time of the accident in question he was operating a tractor trailer truck on the public roads of the State of Florida.

7. At all times material hereto, the Defendant, REHRIG, was a foreign corporation, which engaged in continuous and systematic business activity in Orlando, Orange County, Florida, and throughout the State of Florida; and at the time of the accident and further maintained a resident agent, pursuant to Florida law, located in Tallahassee, Leon County, Florida.

8. At all times material hereto, the Defendant, XTRA LEASE, was a foreign Limited Liability Company, which engaged in continuous and systematic business activity in Orlando, Orange County, Florida, and throughout the State of Florida; and at the time of the accident and further maintained a resident agent, pursuant to Florida law, located in Plantation, Broward County, Florida.

## COUNT I – WRONGUL DEATH AS A RESULT OF THE NEGLIGENCE OF JONATHAN TOLEDO

9. The Plaintiff, PRESENETTE PETIGNY, Individually, as Surviving Spouse and Personal Representative of the Estate of JAMES RAYNALD PETIGNY, Deceased, sues the

Defendant, TOLEDO, for damages in excess of Fifteen Thousand ($15,000.00) Dollars, pursuant to the Florida Wrongful Death Statute under Florida Statutes §768.16-§768.27, and adopts each and every allegation as contained in paragraphs 1-8 as stated herein.

10. On or about September 10, 2011, the Defendant, TOLEDO, operated and drove a semi-tractor trailer truck, pulling a trailer owned by the Defendant, XTRA, which trailer was under the custody and control of the Defendant, REHRIG, and did so at the direction of the Defendant, REHRIG, in a southerly direction on Interstate 95 at or near the intersection of Lantana Road, in Palm Beach County, Florida, and in doing so, negligently collided with a vehicle occupied by JAMES RAYNALD PETIGNY, which caused the death of JAMES RAYNALD PETIGNY.

11. The Estate of JAMES RAYNALD PETIGNY is entitled to recover damages under the Florida Wrongful Death Act pursuant to Florida Statutes §768.21, due to the wrongful death of JAMES RAYNALD PETIGNY caused by the Defendant, TOLEDO.

12. As a direct and proximate cause of the negligence of the Defendant, TOLEDO, the Plaintiffs are entitled to damages sustained as provided by the Florida Wrongful Death Statute §768.21, including but not limited to those damages as follows:

   a. Loss of support and services in the past with interest, and in the future, to all Plaintiffs.
   b. Replacement value of the decedents services to the survivors in the past and in the future.
   c. Loss of net accumulation sustained to the Estate of JAMES RAYNALD PETIGNY.
   d. Loss to PRESENETTE PETIGNY, of the decedent's companionship and protection and for her mental pain and suffering from the date of injury through the future.
   e. The loss to SARADJEAN PETIGNY, DAPHNAIKA PETIGNY, and JENIYAH LEAH PETIGNY, for the lost parental companionship, instruction, and guidance, and

for their mental pain and suffering from the date of injury through the future.

f. The loss to PRESENETTE PETIGNY of companionship, instruction and guidance, as well as for mental pain and suffering from the date of injury through the future.

g. Any and all medical or funeral expenses incurred due to the wrongful death of the decedent, JAMES RAYNALD PETIGNY.

h. All loss of earnings of the deceased, JAMES RAYNALD PETIGNY, from the date of injury to the date of death, less lost support of survivors, excluding contributions and calculated with interest.

i. All loss of the prospective net accumulations of an estate, which might reasonably have been expected, but for the wrongful death, reduced to present money value.

13. At all times material hereto, all foregoing injuries and damages set forth above, are continuing and permanent in nature.

14. That the death of JAMES RAYNALD PETIGNY resulted directly from the negligent acts and omissions of TOLEDO.

WHEREFORE the Plaintiff, PRESENETTE PETIGNY, individually, as Surviving Spouse and Personal Representative of the Estate of JAMES RAYNALD PETIGNY, Deceased, and on behalf of SARADJEAN PETIGNY, DAPHNAIKA PETIGNY, and JENIYAH LEAH PETIGNY, demands judgment against the Defendant, JONATHAN TOLEDO, for compensatory damages in an amount in excess of Fifteen Thousand ($15,000) Dollars and further demands trial by jury.

## COUNT II – WRONGFUL DEATH AS A RESULT OF THE NEGLIGENCE OF REHRIG PACIFIC COMPANY

15. The Plaintiff, PRESENETTE PETIGNY, Individually, as Surviving Spouse and Personal Representative of the Estate of JAMES RAYNALD PETIGNY, Deceased, sues the

Defendant, TOLEDO, for damages in excess of Fifteen Thousand ($15,000.00) Dollars, pursuant to the Florida Wrongful Death Statute under Florida Statutes §768.16-§768.27, and adopts each and every allegation as contained in paragraphs 1-8 as stated herein.

16. At all times material hereto, the Defendant, REHRIG, had a pattern and practice of permitting the Defendant, TOLEDO, to park the subject tractor and trailer on the grounds of the Defendant, REHRIG's facility in Orlando, Orange County, Florida.

17. At all times material hereto, the Defendant, REHRIG, exclusively utilized the services of the Defendant, TOLEDO, to transport its trailers on the public roads of the State of Florida.

18. At all times material hereto, the Defendant, REHRIG, exercised exclusive and total dominion and control over the drivers who would be charged with the responsibility of transporting its trailers on the public roads of the State of Florida.

19. On or about September 10, 2011, the Defendant, TOLEDO, negligently operated and drove a semi-tractor trailer truck for the benefit of the Defendant, REHRIG, pulling a trailer for the business purposes and benefit of the Defendant, REHRIG, and did so at the direction of the Defendant, REHRIG, in a southerly direction on Interstate 95 at or near the intersection of Lantana Road, in Palm Beach County, Florida, and in doing so, caused a fatal rear impact collision with a vehicle occupied by JAMES RAYNALD PETIGNY, which caused the death of JAMES RAYNALD PETIGNY.

20. At all times material hereto the Defendant, REHRIG, was a motor carrier as defined by the United States Department of Transportation and Federal Motor Carrier Safety Administration and was assigned a carrier number, a/k/a United States Department of Transportation (USDOT) number 527801.

21. As a motor carrier, operating under a license or franchise granted by the United States Department of Transportation (USDOT), REHRIG, as the licensee or franchisee, had a non-delegable duty to ensure that the transportation of its goods in commercial transit were done so in a manner so as to not cause harm or injury to another person, the motoring public in general, and to the Decedent, Raynald James Petigny, specifically.

22. In addition, at all times material hereto, Defendant, REHRIG, owed a duty to the Decedent, JAMES RAYNALD PETIGNY, and the other members of the motoring public to exercise reasonable care in:

a. The hiring of drivers to transport the trailers they owed, or the trailers under their control, on the public roads of the State of Florida;

b. Providing training and instruction to the driver's of its tractor trailer combinations, particularly the tractor trailer involved in the accident described herein;

c. Properly supervising the drivers of its tractor trailers, particularly the tractor trailer involved in the accident described herein;

d. Complying with federal, state and or local regulations dealing with the inspection, maintenance and/or operation of its tractor trailers, particularly the tractor trailer involved in the accident described herein;

e. Establishing safe procedures for the operation of its tractor trailers, particularly the tractor trailer involved in the accident described herein; and

f. Inspecting, maintaining and repairing its tractor trailers, particularly the tractor trailer involved in the accident described herein.

23. At all times relevant hereto, Defendant, REHRIG, breached the duties set forth above by failing to use reasonable care in the:

a. Supervision of the Defendant, TOLEDO to transport its trailers on the public roads of the State of Florida;

b. Retention of the Defendant, TOLEDO, who had an unsafe driving record to transport its trailers on the public roads of the State of Florida;

c. Training of its drivers, employees and/or agents, including the Defendant, TOLEDO;

d. Supervision of its business operations in failing to properly monitor the driving habits and records of the drivers, employees and/or agents, including the Defendant, TOLEDO, to transport its trailers on the public roads of the State of Florida;

e. Supervision of its drivers, employees and/or agents, including the Defendant, TOLEDO;

f. Instruction of its drivers, employees and/or agents, including the Defendant, TOLEDO;

g. Entrustment of its vehicles to the Defendant, TOLEDO;

h. Inspection of its trailers;

i. Execution of its business practices and/or procedures;

j. Failure to comply with federal regulations;

k. Failure to properly audit the logs of its drivers, employees and/or agents, including the Defendant, TOLEDO;

l. Failure to utilize available information to properly monitor its drivers, employees and/or agents, including the Defendant, TOLEDO for compliance with company policies and/or federal regulations;

m. Other ways which are as yet unknown but may be revealed after further

investigation and discovery.

24. Additionally, and in the alternative, the Defendant, REHRIG, was negligent in the transportation of its vehicles under the license or franchise granted by the United States Department of Transportation as a federal motor carrier, in that it failed to transport, in a safe and reasonable manner, its vehicles such that they did not strike the vehicle which the Decedent, JAMES RAYNALD PETIGNY, was driving from behind resulting in his death.

25. The Estate of JAMES RAYNALD PETIGNY is entitled to recover damages under the Florida Wrongful Death Act pursuant to Florida Statutes §768.21, due to the wrongful death of JAMES RAYNALD PETIGNY caused by the Defendant, TOLEDO.

26. As a direct and proximate cause of the negligence of the Defendant, TOLEDO, the Plaintiffs are entitled to damages sustained as provided by the Florida Wrongful Death Statute §768.21, including but not limited to those damages as follows:

   a. Loss of support and services in the past with interest, and in the future, to all Plaintiffs.
   b. Replacement value of the decedents services to the survivors in the past and in the future.
   c. Loss of net accumulation sustained to the Estate of JAMES RAYNALD PETIGNY.
   d. Loss to PRESENETTE PETIGNY, of the decedent's companionship and protection and for her mental pain and suffering from the date of injury through the future.
   e. The loss to SARADJEAN PETIGNY, DAPHNAIKA PETIGNY, and JENIYAH LEAH PETIGNY, for the lost parental companionship, instruction, and guidance, and for their mental pain and suffering from the date of injury through the future.
   f. The loss to PRESENETTE PETIGNY of companionship, instruction and guidance, as well as for mental pain and suffering from the date of injury through the future.

    g. Any and all medical or funeral expenses incurred due to the wrongful death of the decedent, JAMES RAYNALD PETIGNY.

    h. All loss of earnings of the deceased, JAMES RAYNALD PETIGNY, from the date of injury to the date of death, less lost support of survivors, excluding contributions and calculated with interest.

    i. All loss of the prospective net accumulations of an estate, which might reasonably have been expected, but for the wrongful death, reduced to present money value.

27. At all times material hereto, all foregoing injuries and damages set forth above, are continuing and permanent in nature.

28. That the death of JAMES RAYNALD PETIGNY resulted directly from the negligent acts and omissions of TOLEDO.

WHEREFORE the Plaintiff, PRESENETTE PETIGNY, individually, as Surviving Spouse and Personal Representative of the Estate of JAMES RAYNALD PETIGNY, Deceased, and on behalf of SARADJEAN PETIGNY, DAPHNAIKA PETIGNY, and JENIYAH LEAH PETIGNY, demands judgment against the Defendant, REHRIG PACIFIC COMPANY, for compensatory damages in an amount in excess of Fifteen Thousand ($15,000) Dollars and further demands trial by jury.

## COUNT III – WRONGFUL DEATH AS A RESULT OF THE NEGLIGENT RETENTION BY REHRIG PACIFIC COMPANY

29. The Plaintiff, PRESENETTE PETIGNY, Individually, as Surviving Spouse and Personal Representative of the Estate of JAMES RAYNALD PETIGNY, Deceased, sues the Defendant, TOLEDO, for damages in excess of Fifteen Thousand ($15,000.00) Dollars, pursuant to the Florida Wrongful Death Statute under Florida Statutes §768.16-§768.27, and adopts each

and every allegation as contained in paragraphs 1-8 as stated herein.

30. On or about September 10, 2011, the Defendant, TOLEDO, negligently operated and drove a semi-tractor trailer truck, pulling a trailer owned by the Defendant, XTRA, which trailer was under the custody and control of the Defendant, REHRIG, and did so at the direction of the Defendant, REHRIG, in a southerly direction on Interstate 95 at or near the intersection of Lantana Road, in Palm Beach County, Florida, and in doing so, caused a fatal rear impact collision with a vehicle occupied by JAMES RAYNALD PETIGNY, which caused the death of JAMES RAYNALD PETIGNY.

31. At all times material hereto the Defendant, REHRIG, was a motor carrier as defined by the United States Department of Transportation and Federal Motor Carrier Safety Administration and was assigned a carrier number, a/k/a United States Department of Transportation (USDOT) number 527801.

32. As a motor carrier, operating under a license or franchise granted by the United States Department of Transportation (USDOT), REHRIG, as the licensee or franchisee, had a non-delegable duty to ensure that the transportation of its goods in commercial transit were done so in a manner so as to not cause harm or injury to another person, the motoring public in general, and to the Decedent, Raynald James Petigny, specifically.

33. At all times material hereto, the Decedent, JAMES RAYNALD PETIGNY, was a member of the motoring public on the public roads of the State of Florida, and was relying on the Defendant, REHRIG, to behave reasonably in its hiring and retention practices so as to protect the Decedent, JAMES RAYNALD PETIGNY, and other persons from foreseeable harm at the hands of the Defendant, TOLEDO, as a result of the Defendant, REHRIG, placing the Defendant, TOLEDO, in custody and control of a trailer and hauling it on the public roads of the State of

Florida.

34. At all times material hereto, the Defendant, REHRIG, had a duty to use reasonable care in its practices of retaining drivers to transport its trailers on the public roads of the State of Florida to avoid retaining, contracting with and utilizing drivers who foreseeably could cause death or serious bodily injury to the motoring public on the public roads of the State of Florida while transporting its trailers.

35. At all times relevant hereto, Defendant, REHRIG, breached its duty to retain and hire qualified drivers to transport its trailers on the public roads of the State of Florida, when it retained, contracted with, provided the opportunity to transport and otherwise placed its trailer in the custody and control of the Defendant, TOLEDO, to transport the trailer on the public roads of the State of Florida.

36. At the time of retaining, hiring, contracting with and otherwise placing its trailer under the custody and control of the Defendant, TOLEDO, the Defendant, REHRIG, knew or through reasonable investigation should have known that the Defendant, TOLEDO, was not experienced, qualified nor able to operate a tractor trailer combination on the public roads of the State of Florida.

37. As a result of the negligent retaining, hiring, contracting by the Defendant, REHRIG, of the Defendant, TOLEDO, the Defendant, REHRIG placed the Defendant, TOLEDO, in control of the tractor trailer combination when he lost control of the tractor trailer combination and impacted with the rear of the motor vehicle operated by JAMES RAYNALD PETIGNY, Deceased, causing the Decedent's vehicle being forced from the roadway and resulting his untimely death.

38. The Estate of JAMES RAYNALD PETIGNY is entitled to recover damages under

the Florida Wrongful Death Act pursuant to Florida Statutes §768.21, due to the wrongful death of JAMES RAYNALD PETIGNY caused by the Defendant, TOLEDO.

39. As a direct and proximate cause of the negligence of the Defendant, TOLEDO, the Plaintiffs are entitled to damages sustained as provided by the Florida Wrongful Death Statute §768.21, including but not limited to those damages as follows:

a. Loss of support and services in the past with interest, and in the future, to all Plaintiffs.

b. Replacement value of the decedents services to the survivors in the past and in the future.

c. Loss of net accumulation sustained to the Estate of JAMES RAYNALD PETIGNY.

d. Loss to PRESENETTE PETIGNY, of the decedent's companionship and protection and for her mental pain and suffering from the date of injury through the future.

e. The loss to SARADJEAN PETIGNY, DAPHNAIKA PETIGNY, and JENIYAH LEAH PETIGNY, for the lost parental companionship, instruction, and guidance, and for their mental pain and suffering from the date of injury through the future.

f. The loss to PRESENETTE PETIGNY of companionship, instruction and guidance, as well as for mental pain and suffering from the date of injury through the future.

g. Any and all medical or funeral expenses incurred due to the wrongful death of the decedent, JAMES RAYNALD PETIGNY.

h. All loss of earnings of the deceased, JAMES RAYNALD PETIGNY, from the date of injury to the date of death, less lost support of survivors, excluding contributions and calculated with interest.

i. All loss of the prospective net accumulations of an estate, which might reasonably have been expected, but for the wrongful death, reduced to present money value.

40. Additionally, and in the alternative, the Defendant, REHRIG, was negligent in the

transportation of its vehicles under the license or franchise granted by the United States Department of Transportation as a federal motor carrier, in that it failed to transport, in a safe and reasonable manner, its vehicles such that they did not strike the vehicle which the Decedent, JAMES RAYNALD PETIGNY, was driving from behind resulting in his death.

41. At all times material hereto, all foregoing injuries and damages set forth above, are continuing and permanent in nature.

42. That the death of JAMES RAYNALD PETIGNY resulted directly from the negligent acts and omissions of TOLEDO.

WHEREFORE the Plaintiff, PRESENETTE PETIGNY, individually, as Surviving Spouse and Personal Representative of the Estate of JAMES RAYNALD PETIGNY, Deceased, and on behalf of SARADJEAN PETIGNY, DAPHNAIKA PETIGNY, and JENIYAH LEAH PETIGNY, demands judgment against the Defendant, REHRIG PACIFIC COMPANY, for compensatory damages in an amount in excess of Fifteen Thousand ($15,000) Dollars and further demands trial by jury.

### COUNT IV – WRONGFUL DEATH AS A RESULT OF THE NEGLIGENCE OF XTRA LEASE, LLC

43. The Plaintiff, PRESENETTE PETIGNY, Individually, as Surviving Spouse and Personal Representative of the Estate of JAMES RAYNALD PETIGNY, Deceased, sues the Defendant, TOLEDO, for damages in excess of Fifteen Thousand ($15,000.00) Dollars, pursuant to the Florida Wrongful Death Statute under Florida Statutes §768.16-§768.27, and adopts each and every allegation as contained in paragraphs 1 through 8 as stated herein.

44. At all times material hereto, the Defendant, XTRA, owned a trailer bearing Vehicle Identification Number, 1NNVX532XSM250631, which was operated and hauled on the public

roads of the State of Florida, for the benefits of the Defendant, REHRIG, by the Defendant, TOLEDO.

45. The Defendant, XTRA, entered into a lease agreement with the Defendant, REHRIG, to lease trailers, in general, and specifically, the trailer bearing Vehicle Identification Number, 1NNVX532XSM250631, for the exclusive use and control by the Defendant, REHRIG, in the normal and daily operation of its business ventures in and around the State of Florida. (A copy of the Lease Agreement dated between the Defendant, REHRIG and the Defendant, XTRA, is attached hereto as "Exhibit A.")

46. The aforementioned lease required the maintenance of the subject trailer to be performed by the Defendant, XTRA, including but not limited to the performance of any and all brake inspections, repairing of brake lines and brake pads, replacing any and all brake pads and brake part components.

47. At all times material hereto, the Defendant, XTRA, had a duty to inspect, maintain and repair, the trailer, particularly the trailer as described herein which was involved in the accident that occurred on September 10, 2011 on Interstate 95 at or near the intersection of Lantana Road in Palm Beach County, Florida.

48. At all times material hereto, the Defendant, XTRA LEASE, breached its duty by negligently failing to inspect, maintain, and repair the brakes on the subject trailer described above.

49. Upon information and belief, on September 10, 2011, while the Defendant, TOLEDO, was negligently operating a semi-tractor trailer truck hauling the aforementioned subject trailer, the brakes failed causing the trailer to begin to slide out from behind the truck operated by the Defendant, TOLEDO, and impacting with the rear of the motor vehicle operated by JAMES RAYNALD PETIGNY, Deceased, causing the Decedent's vehicle being forced from the roadway

and resulting the untimely death of JAMES RAYNALD PETIGNY.

50. As a direct and proximate result of the failure of the Defendant, XTRA, to inspect, maintain and repair the brakes on the subject trailer, the Decedent, JAMES RAYNALD PETIGNY's vehicle was forced from the roadway and resulted in the untimely death of JAMES RAYNALD PETIGNY.

The Estate of JAMES RAYNALD PETIGNY is entitled to recover damages under the Florida Wrongful Death Act pursuant to Florida Statutes §768.21, due to the wrongful death of JAMES RAYNALD PETIGNY caused by the Defendant, TOLEDO.

51. As a direct and proximate cause of the negligence of the Defendant, TOLEDO, the Plaintiffs are entitled to damages sustained as provided by the Florida Wrongful Death Statute §768.21, including but not limited to those damages as follows:

   a. Loss of support and services in the past with interest, and in the future, to all Plaintiffs.

   b. Replacement value of the decedents services to the survivors in the past and in the future.

   c. Loss of net accumulation sustained to the Estate of JAMES RAYNALD PETIGNY.

   d. Loss to PRESENETTE PETIGNY, of the decedent's companionship and protection and for her mental pain and suffering from the date of injury through the future.

   e. The loss to SARADJEAN PETIGNY, DAPHNAIKA PETIGNY, and JENIYAH LEAH PETIGNY, for the lost parental companionship, instruction, and guidance, and for their mental pain and suffering from the date of injury through the future.

   f. The loss to PRESENETTE PETIGNY of companionship, instruction and guidance, as well as for mental pain and suffering from the date of injury through the future.

   g. Any and all medical or funeral expenses incurred due to the wrongful death of the

decedent, JAMES RAYNALD PETIGNY.

h. All loss of earnings of the deceased, JAMES RAYNALD PETIGNY, from the date of injury to the date of death, less lost support of survivors, excluding contributions and calculated with interest.

i. All loss of the prospective net accumulations of an estate, which might reasonably have been expected, but for the wrongful death, reduced to present money value.

52. At all times material hereto, all foregoing injuries and damages set forth above, are continuing and permanent in nature.

53. That the death of JAMES RAYNALD PETIGNY resulted directly from the negligent acts and omissions of TOLEDO.

WHEREFORE the Plaintiff, PRESENETTE PETIGNY, individually, as Surviving Spouse and Personal Representative of the Estate of JAMES RAYNALD PETIGNY, Deceased, and on behalf of SARADJEAN PETIGNY, DAPHNAIKA PETIGNY, and JENIYAH LEAH PETIGNY, demands judgment against the Defendant, XTRA LEASE, LLC, for compensatory damages in an amount in excess of Fifteen Thousand ($15,000) Dollars and further demands trial by jury.

## DEMAND FOR JURY TRIAL

The Plaintiff, Plaintiff, PRESENETTE PETIGNY, individually, as Surviving Spouse and Personal Representative of the Estate of JAMES RAYNALD PETIGNY, Deceased, and on behalf of SARADJEAN PETIGNY, DAPHNAIKA PETIGNY, and JENIYAH LEAH PETIGNY, hereby demands trial by jury of all issues triable as of right by jury.

Dated this ____ day of January, 2012.

**PINEYRO & CRESSMAN LAW FIRM**
1420 Celebration Blvd., Suite 102
Celebration, FL 34747

(407) 566-2210
(407) 566-2211 – Facsimile
*Attorneys for Plaintiff*

By: /s/ Johnny A. Pineyro
    JOHNNY A. PINEYRO, ESQUIRE
    FBN: 0127728

**PINEYRO & CRESSMAN LAW FIRM**
1420 Celebration Blvd., Suite 102
Celebration, FL 34747
(407) 566-2210
(407) 566-2211 – Facsimile
*Attorneys for Plaintiff*

By: /s/ Mark P. Cressman
    MARK P. CRESSMAN, ESQUIRE
    FBN: 51519