UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PRESENETTE PETIGNY,

      Plaintiff,

v.                                           Case No:  6:12-cv-497-Orl-36KRS

JONATHAN TOLEDO, REHRIG PACIFIC
COMPANY and XTRA LEASE, LLC,

      Defendants.
_____/

**ORDER**

This cause comes before the Court upon the Report and Recommendation filed by United States Magistrate Judge Karla R. Spaulding on July 23, 2012 (Doc. 30).  In the Report and Recommendation, Judge Spaulding recommends that the Court grant Plaintiff Presenette Petigny's ("Plaintiff") Motion to Remand, filed on April 13, 2012 (Doc. No. 8).  On August 6, 2012, Defendant Rehrig Pacific Company ("Defendant Rehrig") filed an Objection to Judge Spaulding's Report and Recommendation (Doc. 31).  As such, this matter is ripe for review.

**BACKGROUND**

In January 2012, Plaintiff filed a complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida against Jonathan Toledo ("Toledo"), Defendant Rehrig and XTRA Lease, LLC ("XTRA").  Doc. 1.  Plaintiff alleges, individually and as the surviving spouse and personal representative of the estate of James Raynald Petigny, that her husband was killed when a semi-tractor trailer truck driven by Toledo, owned by XTRA, and under the custody and control of Defendant Rehrig collided into a vehicle in which her husband was an occupant.  *Id.* ¶ 10.  Plaintiff's claims arise under the Florida Wrongful Death Statute and

common law negligence. *Id.* Plaintiff alleges that she and Toledo are Florida residents, and Defendant Rehrig and XTRA conduct business in Florida. *Id.* ¶¶ 2, 6, 7, 8, 10.

As part of Plaintiff's negligence claims, she alleges that Defendant Rehrig "was a motor carrier as defined by the United States Department of Transportation and Federal Motor Carrier Safety Administration." *Id.* ¶ 20. Further, as a motor carrier, Plaintiff alleges that Defendant Rehrig "had a non-delegable duty to ensure that the transportation of goods in commercial transit were done so in a manner so as to not cause harm or injury to another person …" *Id.* ¶ 21. Plaintiff also alleges that Defendant Rehrig breached its duty of care by, among other things, failing to comply with federal regulations and failing to transport its vehicles in a safe and reasonable manner. *Id.* ¶¶ 23(j), 24. Plaintiff does not allege any cause of action arising under federal law. Doc. 30, p. 2.

On April 2, 2012, Defendant Rehrig filed a Notice of Removal, arguing that the allegation that it is a federal motor carrier raises a question of federal law. Doc. 1, pp. 2-4. In her Motion to Remand, Plaintiff argues that: (1) the Notice of Removal was untimely; (2) all Defendants did not consent to removal; and (3) the Court does not have subject matter jurisdiction. Doc. 8. Defendant Rehrig responded to the Motion to Remand. Doc. 10.

## **STANDARD**

When a party makes a timely and specific objection to a finding of fact in a report and recommendation, the district court should make a *de novo* review of the record with respect to the factual issues. 28 U.S.C. § 636(b)(1); *U.S. v. Raddatz*, 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507 (11th Cir. 1990). Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations." Once a timely objection to

the Report and Recommendation is made, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge. Rule 72(b)(3), Fed. R. Civ. P. The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.*

## **ANALYSIS**

In the Report and Recommendation, Judge Spaulding recommends that the Court grant Plaintiff's Motion to Remand because the action does not present a dispositive federal question "at the heart of the state-law claim." Doc. 30; *citing Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 320 (2005). In *Grable*, the Supreme Court explained that in certain instances, federal question jurisdiction exists over state law claims that implicate significant federal issues. *Id.*, at 312. However, such cases occur only when "the dispositive and contested issue [is] at the heart of the state law claim." *Id.*, at 320. Since *Grable*, the Supreme Court emphasized that to find this type of jurisdiction, an exception to the well-pled complaint rule, the federal question must be "substantial" or "significant" such as one revolving around a federal agency's interpretation of a federal statute and what actions are required to be taken by that statute. *See Empire Healthchoice Assur. Inc. v. McVeigh*, 547 U.S. 677, 699-700 (2006). Moreover, courts in the Middle District of Florida, upon considering the allegations of the duties of a motor carrier alleged as part of wrongful death claims, have found these issues do not present a substantial federal question supporting removal. *McCarty v. Precision Airmotive Corp.*, 2006 WL 2644921, *1 (M.D. Fla. 2006) (removal of a negligence case pursuant to the *Grable* exception was improper because the Federal Aviation Act regulations, though relevant to

defining the duty of care, "do[ ] not elevate a typical state-law tort claim to one requiring resolution in a federal forum."); *Schmidt v. St. Clair*, 2007 WL 4463933, *4 (M.D. Fla. 2007) (removal of a motor vehicle negligence case under the *Grable* exception was inappropriate because there was no suggestion that a federal agency was involved in a dispute or implication that a federal agency's activity would thwart uniformity of federal law).

In its Objection, Defendant Rehrig maintains that there is a substantial federal law question as to whether it qualifies as a "motor carrier" under federal regulations. Defendant Rehrig further contends that if it qualifies as a motor carrier, the question is whether it had any non-delegable duties.[1] Doc. 31, pp. 4-11. However, neither of the cases Defendant Rehrig cites support its argument that whether a company qualifies as a "motor carrier" under federal regulations can confer federal question jurisdiction under the *Graves* exception. Doc. 31, pp. 5-7; *Alaubali v. Rite Aide Corp.*, 2007 WL 3035270 (N.D. Cal. 2007); *Harris v. Velichkov*, 2012 WL 1580763 (D. Neb. 2012). In *Alaubali*, plaintiffs brought an action alleging violation of two federal regulations following a fatal car crash. *Alaubali*, 2007 WL 3035270, *1. In granting summary judgment, the court determined that defendant was not a "motor carrier" as defined by the applicable federal regulations. *Id.*, *6. *Harris* is a negligence action in federal court due to diversity jurisdiction. *Harris*, 2012 WL 1580763, *1. In granting defendant contractor summary judgment, the *Harris* court determined that the contractor was not operating as a motor carrier at the time of the accident. *Id.*, *7. Although the courts in *Alaubali* and *Harris* analyze these regulations, each has an independent basis for federal jurisdiction. Indeed, Defendant Rehrig appears to conflate the importance of the "motor carrier" issue to the pending action overall, with the analysis which is critical for a *Graves* exception supporting federal jurisdiction—the

---

[1] Defendant Rehrig does not object to the Magistrate Judge's determinations that the Notice of Removal was timely filed and complied with the rule of unanimity. Doc. 31, p. 1, n. 1.

implication of significant federal issues.[2]  *See McVeigh*, 547 U.S. at 700; *McCarty*, 2006 WL 2644921, *1.

The Court is in agreement with the Magistrate Judge's finding that because this case does not present a dispositive and contested federal issue at the heart of the state law claims, removal is improper.  Therefore, upon careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court concludes that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 30) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Plaintiff's Motion to Remand (Doc. No. 8) is **GRANTED**.

3. This case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida.

4. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Ninth Judicial Circuit, in and for Orange County, Florida.  The Clerk is further directed to terminate all pending motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on August 13, 2012.

Charlene Edwards Honeywell
United States District Judge

---

[2] Similarly, Defendant Rehrig's argument that the discovery requests thus far in the case implicate the federal motor vehicle regulations is irrelevant. Doc. 31, pp. 7-8.

**Copies furnished to:**
Counsel of Record
U.S. Magistrate Judge Karla R. Spaulding